IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNIE MOSES DENMARK, JR.,    )
       )
    Plaintiff,    )
       )
       ) Case No. 2:20-cv-100-RAH-SMD
    v.    )
       )
ELMORE COUNTY SHERIFF    )
DEPARTMENT,    )
       )
    Defendant.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 13, 2020, *pro se* Plaintiff filed this suit alleging that his car had been illegally towed from his residence to the Elmore County Jail. (Doc. 1) at 2. Plaintiff also filed a Motion to Proceed *in forma pauperis* (Doc. 2), which the undersigned granted (Doc. 4). Therefore, Plaintiff's Complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the Court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

Plaintiff's form Complaint alleges, in its entirety, that Plaintiff's "car was illegally towed, from [his] resident [sic] to the Elmore County Jail (without a search warrant)." (Doc. 1) at 2. For this alleged wrong, Plaintiff requests that his car be released from

impound, and that he be compensated $150.00 for each day the car was impounded. *Id*. at 3.

A review of the sufficiency of Plaintiff's Complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the Complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face.").

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiff's Complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ*., 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually

2

plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are "'"merely consistent with" a defendant's liability,' however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, Plaintiff's Complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

It appears that Plaintiff is attempting to assert a 42 U.S.C. § 1983 claim for wrongful seizure of his property. However, the Complaint, as currently written, falls woefully short of meeting the federal pleading standards because it does not contain enough well-pleaded facts for the undersigned to determine if Plaintiff is entitled to relief. Well-pleaded facts are the basic five W's: who, what, where, when, why; and how. Here, Plaintiff has alleged when his rights were supposedly violated and, generally, by whom, but there is no

information relating to why or how his car was towed and the undersigned declines to speculate to those facts.[1]

In addition to Plaintiff's Complaint failing to satisfy the federal pleading standard, the undersigned notes that Plaintiff's claim is currently against the Elmore County Sheriff's Department, which makes the claim fail as a matter of law. In order to state a viable § 1983 claim, the defendant must be an entity that is subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Such capacity for suit is "determined by the law of the state in which the district court is held." *Id.* at 1214 (citation and quotation omitted). An Alabama sheriff's department is not subject to suit because it is not a legal entity under Alabama law. *See Ex parte Haralson*, 853 So. 2d 928, 931 (Ala. 2003) ("[i]t is clear under Alabama law that the sheriff's department is not a legal entity subject to suit"); *White v. Birch*, 582 So. 2d 1085, 1087 (Ala. 1991) (cause of action against Chambers County Sheriff's Department could not be maintained because it was not a legal entity subject to suit). *See also Dean*, 951 F.2d at 1214 (an Alabama county sheriff's department "is not subject to suit or liability under section 1983."); *Brooks v. Arrington*, 2014 WL 6836444, at *2 (N.D. Ala. Dec. 3, 2014) (dismissal of Blount County Sheriff's Office and Correctional Facility warranted because sheriff's departments and police departments are not legal entities subject to suit under 42 U.S.C. § 1983). Therefore, Plaintiff cannot sue the Elmore County Sheriff's Office for the relief he requests. Accordingly, Plaintiff's claim is due to be dismissed because it fails to state a claim for which relief may be granted.

---

[1] Additionally, it is unknown whether Plaintiff's car remains in the possession of the Elmore County Sheriff's Department or if it has been returned to Plaintiff.

Importantly, even if Plaintiff had properly named the government official representing the entity as a defendant, Plaintiff's claim would still fail against the Sheriff's Department, as Plaintiff has "not alleged a policy or custom that was a moving force behind [his] alleged constitutional deprivation[ ]." *See Lyons v. Henry Co. Sheriff's Office*, 2019 WL 19906258, at *2 (M.D. Ala. April 9, 2019). It is well-settled that a governmental entity can be held monetarily liable only for the execution of a governmental policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[M]unicipalities and other bodies of local government are 'persons' within the meaning of [§ 1983 and] may therefore be sued directly if [they are] alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers . . . [or] for 'constitutional deprivations visited pursuant to governmental custom.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690-91). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. "Regardless of whether the basis of the claim is an officially promulgated policy or an unofficially adopted custom, it must be the 'moving force behind the constitutional deprivation before liability may attach.'" *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985) (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). Here, Plaintiff provides no facts indicating

that there is a policy or custom that could give rise to potential liability against the governmental entity, even if it were properly named.

For these reasons, the undersigned concludes that Plaintiff's Complaint, as written, fails to state a claim for which relief may be granted and does not comport with the Federal Rules of Civil Procedure.  Accordingly, it is the

RECOMMENDATION of the undersigned Magistrate Judge that this matter be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B).[2] Further, it is

ORDERED that Plaintiff shall file any objections to this Recommendation on or before August 19, 2020.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the

---

[2]      The undersigned is recommending dismissal of Plaintiff's Complaint without first asking Plaintiff to amend. The undersigned believes requesting such amendment would be futile because Plaintiff's Complaint asserts claims against an entity that is not subject to suit. Accordingly, leave to amend Plaintiff's Complaint need not be afforded in this instance.  *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile."); *Kinlaw v. Putnam Cty. Sheriff's Office Det. Ctr.*, 2019 WL 1676203, at *1-2 (M.D. Fla. April 17, 2019) (dismissing the *pro se* plaintiff's complaint against the sheriff's office because the sheriff's office was an entity not subject to suit); *Holifield v. Mobile Cty. Sheriff's Dep't of Mobile Cty., Ala.*, 2008 WL 2246961, at *4-5 (S.D. Ala. May 29, 2008) (finding that the *pro se* plaintiff's complaint should be dismissed as frivolous prior to amendment because it was seeking relief against entities not subject to suit).

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal.  Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his Complaint prior to any dismissal of the Complaint.

Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Plaintiff from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 5th day of August, 2020.


/s/ Stephen M. Doyle
CHIEF UNITED STATES MAGISTRATE JUDGE